IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BITMAIN TECHNOLOGIES GEORGIA LIMITED, | § § § | |
| *Plaintiff*, | § § | Case No. 4:25-cv-3593 |
| v. | § § | |
| MAKERSTAR CAPITAL, INC., | § § | |
| *Defendant*. | § § § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to this Court's Order for Conference [Dkt. No. 3] and Federal Rule of Civil Procedure 26(f), Plaintiff Bitmain Technologies Georgia Limited ("Plaintiff" or "Bitmain") files this Joint Discovery/Case Management Plan.

1. **State where and when the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   No conference was held because Defendant MakerStar Capital, Inc. ("Defendant") refuses to participate, including its refusal to accept service.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   Bitmain respectfully requests that the Court confirm the arbitration award entered by the American Arbitration Association, in AAA Case No. 0124-0005-4409.

   On May 1, 2025, Arbitrator Melinda Cooper Holladay issued a Final Award in the Arbitration, requiring Defendant to pay Bitmain a total of $4,514,840.23, consisting of $3,855,394.20 in actual and liquidated damages, $120,293.05 in prejudgment interest, $514,472.98 in attorneys' fees and costs, and $24,680 in arbitration costs.

4. **Specify the allegation of federal jurisdiction.**

Diversity jurisdiction under 28 U.S.C. § 1332, because there is complete diversity of citizenship between Bitmain and Defendant and the amount in controversy exceeds $75,000.

Additionally, pursuant to 9 U.S.C. § 9, Bitmain respectfully requests the Court to enter a judgment confirming the Final Award.  "On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the Federal Arbitration Act].'  There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).

5. **Name the parties who disagree and the reasons.**

    None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None.

7. **List anticipated interventions.**

    None.

8. **Describe class-action issues.**

    None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

    Not applicable.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

    Not applicable.

    B. **When and to whom the plaintiff anticipates it may send interrogatories.**

    Not applicable.

    C. **When and to whom the defendant anticipates it may send interrogatories.**

    Not applicable.

> **D.** **Of whom and by when the plaintiff anticipates taking oral depositions.**
>
> Not applicable.
>
> **E.** **Of whom and by when the defendants anticipate taking oral depositions.**
>
> Not applicable.
>
> **F.** **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**
>
> Not applicable.
>
> **G.** **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**
>
> Not applicable.
>
> **H.** **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**
>
> Not applicable.

**11.** **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

**12.** **Specify the discovery beyond initial disclosures that has been undertaken to date.**

No other discovery has been undertaken to date.

**13.** **State the date the planned discovery can reasonably be completed.**

Discovery is not necessary in this case.

**14.** **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

A prompt settlement is unlikely to occur, and Plaintiff does not believe a mediation will be fruitful.

**15.** **Describe what each party has done or agreed to do to bring about a prompt resolution.**

      The Parties have already conducted a binding arbitration, and Bitmain only brings this action to confirm the resulting final arbitration award.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Bitmain is not amenable to any settlement conferences or mediations at this time. Defendant did not participate in the drafting of this Case Management Order.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Bitmain would like to proceed before a Magistrate Judge. Defendant has not responded to Bitmain's attempts to conference this issue.

18. **State whether a jury demand has been made and if it was made on time.**

    No jury demand has been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

    No trial is necessary in this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    The only pending motion pending, or soon to be filed, is Plaintiff's Motion to Confirm the Arbitration Award.

22. **Indicate other matters peculiar to this case, including discovery, that deserve special attention of the court at the conference.**

    There are no other matters that deserve special attention of the court at the conference.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Plaintiff has filed its Disclosures of Interested Parties.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**Plaintiff Bitmain Technologies Georgia Limited**

**Kasi Chadwick**
Texas Bar No. 24087278
**Miranda Granchi**
Texas Bar No. 24120862
Heritage Plaza, Suite 2100
1111 Bagby Street
Houston, TX 77002
Tel.: (346) 646-3221
kasi.chadwick@nelsonmullins.com


Dated: October 24, 2025          Respectfully submitted,

                                 **NELSON MULLINS RILEY & SCARBOROUGH LLP**

                                 By: */s/ Kasi Chadwick*
                                     Kasi Chadwick
                                     Texas Bar No. 24087278
                                     Heritage Plaza, Suite 2100
                                     1111 Bagby Street
                                     Houston, TX 77002
                                     Tel.: (346) 646-3221
                                     kasi.chadwick@nelsonmullins.com

                                 *Attorneys for Bitmain Technologies Georgia Limited*